IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Da'Shawn H. Brownlee, | ) | Case No.: 8:21-cv-00955-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Anderson County Detention Center, Oconee | ) | |
| County Detention Center, Laurens County | ) | |
| Detention Center, Samuel Lollis, Nathan | ) | |
| Mitchell, Adam Frederick, Nicholas | ) | |
| Ledbetter, William Jumper, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Da'Shawn H. Brownlee ("Brownlee" or "Plaintiff"), proceeding *pro se*, seeks to be released from jail and damages based on alleged civil rights violations pursuant to 42 U.S.C. § 1983 stemming from his arrest on December 19, 2018, and subsequent detainment.

Brownlee filed a Complaint against Judge Samuel Lollis ("Judge Lollis"), Nathan Mitchell ("Mitchell"), Adam Frederick ("Frederick"), Patti Ferguson ("Ferguson"), Anderson County Detention Center, Oconee County Detention Center, and Laurens County Detention Center (collectively "Defendants") on April 1, 2021 (DE 1), alleging Ferguson, his public defender, told

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

him he had a "case" against Anderson County Detention Center employees, but that she could not do anything to help him. The Plaintiff contends that while in the Anderson County Detention Center, the victim in his case and Mitchell (and others) came in his cell and beat him up. The Plaintiff then made a shank to protect himself and was charged for having a weapon in the Anderson County Detention Center when the weapon was discovered. (DE 1-1, p. 1.)

The Plaintiff also alleges that the lead detective on his criminal case is related to the victim, so there is a conflict of interest. The Plaintiff further contends that he has been kept in jail although he was never positively identified in a lineup. (DE 1-1, p. 1.) Because a proper lineup was not completed, the Plaintiff contends that Frederick did not have probable cause to arrest the plaintiff and Judge Lollis should not have signed an arrest warrant for the Plaintiff. (DE 1-1, p. 2.)

The Plaintiff has also sought to have Ferguson relieved as his counsel and filed a *pro se* motion to dismiss in his criminal case, which at the time of Report and Recommendation, the state court had not ruled upon his motion to dismiss. The Plaintiff alleges that his due process rights have been violated because he no longer has an attorney in his criminal cases. (DE 1-1, pp. 2–3.)

On May 25, 2021, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's claims be dismissed without prejudice and without issuance of service of process, with the exception of Plaintiff's excessive force claim against Mitchell because Plaintiff may not seek release from prison via § 1983, Judge Lollis is entitled to judicial immunity, Ferguson is not a state actor, the Detention Centers are not persons subject to suit under § 1983, and the Plaintiff's indictments bar his Fourth Amendment claim against Frederick. (DE 19.) The Report and Recommendation further recommends that the Court decline to automatically give the Plaintiff leave to amend his Complaint with respect to these claims. (DE 19.)

The Plaintiff filed no objections to the Report and Recommendation.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without the issuance of service of process against the Anderson County Detention Center, the Oconee County Detention Center, the Laurens County Detention Center, Judge Samuel Lollis, Adam Frederick, and Patti Ferguson.  However, Plaintiff's excessive force claim against Nathan Mitchell shall survive 28 U.S.C. § 1915A screening with service of process to be made on Nathan Mitchell.

**IT IS SO ORDERED.**

s/Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
July 22, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.