IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| De'Shawn H. Brownlee, | ) | Case No.: 8:21-cv-00955-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Anderson County Detention Center, Oconee | ) | |
| County Detention Center, Laurens County | ) | |
| Detention Center, Samuel Lollis, Nathan | ) | |
| Mitchell, Adam Frederick, Nicholas | ) | |
| Ledbetter, William Jumper, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States

Magistrate Kevin F. McDonald ("Report and Recommendation") (DE 50), made in accordance

with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]

De'Shawn H. Brownlee ("Brownlee" or "Plaintiff"), proceeding *pro se*, seeks damages based on

alleged civil rights violations pursuant to 42 U.S.C. § 1983, stemming from an excessive force

claim against Sergeant Nathan Mitchell ("Mitchell") while detained at the Anderson County

Detention Center ("ACDC").[2]  On June 21, 2021, Mitchell filed an answer denying the allegations.

(DE 24.)  On January 3, 2022, Mitchell filed a Motion for Summary Judgment (DE 39) contending

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]    Brownlee filed his complaint on April 1, 2021, raising various claims against numerous entities and individuals.  (DE 1.)  Following initial screening, on July 22, 2021, this Court dismissed Brownlee's claims against all of the named defendants except Mitchell.  (DE 27.)

Brownlee's claims against him are in his official capacity and he is not amenable to suit under §

1983, and that he is entitled to Eleventh Amendment immunity.  By order filed on January 4, 2022,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Brownlee was advised of the

motion for summary judgment procedure and the possible consequences if he failed to respond

adequately to Mitchell's Motion for Summary Judgment.  (DE 41.)  Brownlee filed his response

in opposition to summary judgment (DE 47) on March 3, 2022, and Mitchell filed a reply (DE 49)

on March 10, 2022.

On March 28, 2022, the magistrate judge issued the Report (DE 50), recommending that

Defendant's Motion for Summary Judgment be granted because Mitchell is being sued in his

official capacity, and therefore, not subject to money damages under section 1983, Brownlee failed

to exhaust his administrative remedies, and Mitchell is entitled to Eleventh Amendment immunity.

For the reasons stated below, the Court adopts the Report and Recommendation and grants

Defendant's Motion for Summary Judgment.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which

this Court incorporates herein without a full recitation.  However, as a brief background relating

to the objections raised by Brownlee, the Court provides this summary.

Brownlee was arrested and jailed in the ACDC on December 19, 2018, where Mitchell, an

employee of the Anderson County Sheriff's Office, was employed as a Jail Investigator.  Brownlee

was arrested on multiple charges, including kidnaping, burglary, and robbery.  (DE 39-.2)  In his

affidavit, Mitchell states that "[his] children were the victims of [the plaintiff's] crime." (DE 39-

6, ¶ 2.)  Plaintiff contends that while in the ACDC, Mitchell (and others) came in his cell and beat

him up.  Brownlee alleges that he was in fear for his life, so he made a shank.  (DE 1-1, p.1.)

2

Brownlee claims that on June 6, 2019, "Mitchell and his friends came back," so he pulled out the shank but was disarmed and beaten again. Id. Brownlee claims that his knee was injured by Mitchell, and as a result he was unable to walk the same, and "it took away [his] chance of playing college basketball." (DE 1, p. 6.) In his complaint, Brownlee states that he did not file a grievance about Mitchell's purported conduct, noting that the "grievance process does not apply." Id. at 8-9.

On the other hand, Mitchell claims that he intentionally avoided any interaction with Brownlee as his children were the "victims of [the plaintiff's] crime." Id. at ¶ 2. Mitchell further attests that he did not go to Brownlee's cell at any time and he did not assault or have any physical confrontation with Brownlee at any time while he was in custody at the ACDC. Id. at ¶ 3. Mitchell attests that he was unaware of Brownlee's allegation against him until the lawsuit was filed. Id. at ¶ 4. According to the ACDC grievance policy (DE 39-6, pp. 17-18), all arriving inmates to include Brownlee are informed of the policy. (DE 50, pp. 26-28; DE 39-7). There is no evidence in the record that Brownlee filed a grievance against Mitchell for the assaults alleged here. In addition, ACDC contract nurse Amber Brown ("Brown") provided an affidavit (DE 39-8, ¶¶ 1-4) that she is familiar with Brownlee and his medical history at the ACDC, he never complained to her about his knee, and his alleged knee injury does not appear in his attached medical records. (DE 39-8, pp. 3-34). Nurse Brown further attests that a detainee may request medical treatment via the kiosk system, and Plaintiff never requested medical treatment nor did he ever mention a problem with his knee in his kiosk requests. (DE 39-8, at ¶ 5; DE 39-8, pp. 35-68).

## II.    DISCUSSION

Plaintiff filed an Objection to the Report on April 14, 2022. (DE 52.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific

3

objections constitutes a waiver of a party's right to further judicial review, including appellate

review, if the recommendation is accepted by the district judge.  See United States v. Schronce,

727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of

such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the

district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the*

*parties' dispute*.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing

Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  In the absence of specific objections to

the Report and Recommendation of the magistrate judge, this court is not required to give any

explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir.

1983).

Upon review, the Court finds that Plaintiff's objections are non-specific, unrelated to the

dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely

restate his arguments.  However, at best the Court has gleaned that Brownlee objects to Mitchell's

immunity defense stating, "Mitchell should have no immunity because other officers have had

lawsuits against them even when your (sic) employed by the state."  (DE 52, 1.)  However, this

objection does not address the substance of the Report's recommendation.  The Report indicates

that Mitchell provided an affidavit that he is employed by the Anderson County Sheriff's Office

as the Jail Investigator at the ACDC, which Plaintiff does not refute.  (DE 39-6, ¶ 1).  Given the

same, the Report ably and comprehensively concluded that:

> The Eleventh Amendment prohibits federal courts from entertaining an action
> against a state. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam)
> (citations omitted). Further, Eleventh Amendment immunity "extends to 'arm[s] of
> the State,' including state agencies and state officers acting in their official
> capacity," Cromer v. Brown, 88 F.3d 1315, 1332 (4th Cir.1996) (alteration in
> original) (internal citations omitted), because "a suit against a state official in his or
> her official capacity is not a suit against the official but rather is a suit against the
> official's office . . . [and] is no different from a suit against the State itself," Will,

491 U.S. at 71 (internal citation omitted). Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983. Id.

(DE 50, p. 6.) It is well settled, both in South Carolina and federal law, that a Sheriff in South Carolina is an arm of the State and not a County employee, and therefore, is entitled to Eleventh Amendment Immunity in his or her official capacity from suit in Federal Court. See Cromer, 88 F.3d at 1332. This status has been extended to deputy sheriffs as well. See McCall v. Williams, 52 F.Supp.2d 611, 615 (D.S.C. 1999). Plaintiff's objections fail to offer anything in the record to contradict these findings or to show an error of law. Therefore, this Court overrules Plaintiff's objection.[3]

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment (DE 39) is granted and Plaintiff's Complaint is dismissed.

**IT IS SO ORDERED.**

s/Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
April 22, 2022

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] Brownlee does not raise objections to the other grounds for the Report's recommendation (i.e., Mitchell being sued in his official capacity, and therefore, not subject to money damages under section 1983, or Brownlee's failure to exhaust his administrative remedies). Consequently, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).